In re TWO MINOR CHILDREN

High Court of American Samoa
Trial Division

JUV No. 56-87
JUV No. 57-87

August 24, 1988

Before KRUSE, Associate Justice, TAUANU'U, Chief Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Petitioners, Isa-Lei F. Iuli

The maternal grandparents of the two minor children petition the Court to terminate the natural parents' rights to the children. At the time of the filing of the petition, the natural parents were residing in the State of Hawaii and they had jointly executed a document acknowledging service of the petition and purporting to surrender their parental rights to the children in favor of eventual adoption by the grandparents. The document further asserts waiver of their right to further notice and to be heard. At the hearing of the petition the mother was however present along with her parents and the subject children.

The background facts are that the parents and the grandparents were all at one time residing in Hawaii where the children were born. Upon the birth of each child the grandparents assumed their care and upbringing. The mother testified that, at the time, she and her husband were working and were preoccupied with employment and other activities whereby the children were left to the care of the grandparents.

Presently, the children, the grandparents and the mother are residing in Samoa, while the father is attempting to secure (yet unsuccessfully) employment in the State of Washington. It is the mother's intention to rejoin the father upon his gaining employment and being settled. In the meantime the parents are not in a position to provide the appropriate care and time for the children which continues to be provided by the grandparents. Accordingly, the parents are willing to permit the adoption of their children principally, as we find it, on the sentiment that the grandparents have taken charge of the children since birth.

### DISCUSSION

The petition seeks the "termination" of parental rights under A.S.C.A. § 45.0115 (a)(3)&(5) upon the grounds that the children, vis a vis the parents, are "neglected and dependent." Although the parents have not provided for the children, we cannot conclude on this fact alone that the children are necessarily "neglected and dependent" within the meaning of the statute. A.S.C.A. § 45.0103 (19) defines the concept of "neglected and dependent" in a number of contexts which as

76

outlined by the Fono typify those classical instances whereby normal parental consent may be dispensed with or whereby parental rights may be properly considered as forfeited because of deliberate failure on the part of the parents in their responsibilities toward their child. The proceedings envisioned are adversary in nature as distinct from "relinquishment" proceedings provided under A.S.C.A. § 45.0401 (a)(2), which are voluntary in nature.

Although the evidence showed that the natural parents had not provided for the children, the circumstances were not those of forfeiture nor such as rendered the minors "neglected and dependent" within the meaning of the statute. As we view the testimony of the mother, the ostensible inaction with respect to the children was plainly in reliance on the fact that the grandparents were at all relevant times ready, willing, and able to provide substitute parental care to the minors. The mother acknowledged her agreement to these proceedings only because it is her parents who were petitioning, and stated that if some unfortunate malady were to befall her parents, then the most natural thing to do would be for her and the husband to take over the children's care and needs.

These are not the sort of circumstances addressed by the "termination" statute. There is no conduct on the part of the parents which evinces their deliberate disregard for parental duty nor points us to any settled intention on their part to forgo and forsake the children. Indeed, given the temporary economic difficulties facing the natural parents, the surrender of their children to the better care provided by the grandparents points us to the opposite conclusion. To thus allow this petition for termination on the bare ground that the parents have not provided for the children, would be to do mischief with the statute.

On the other hand, the Court is unable to provide relief by treating the petition as one of voluntary "relinquishment" of parental rights. The evidence received does not sustain such relief. Among other things, A.S.C.A. § 45.0402 (d) requires the court to be "satisfied that the relinquishing parent has been counseled and fully advised of the consequences of [seeking relinquishment]", before such an order may be made. As may be gathered, the father of the minors did not appear at the hearing

77

and accordingly there was no opportunity for the Court to make the assessment required by the mentioned enactment. While the mother did appear and testified to the effect that she appreciated the consequences of termination, we are hesitant to conclude that terminating the mother's parental rights alone would be consistent with a finding that such an order would be in the "best interests of all parties concerned" as required by section 45.0402 (f). Insofar as can be ascertained from the testimony and the written consent filed by the parents, a piecemeal approach to terminating parental rights is, we feel, not anticipated in the petition. The petition is denied.

It is so ordered.